UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patricia S. Bowden,

    Plaintiff,

v.                                                    Civil No. 07-4752 (JNE)
                                                         ORDER

Novartis Pharmaceuticals Corporation,

    Defendant.

    This case is one of many product-liability actions that have been filed in the District of Minnesota despite having no discernible connection to Minnesota. It was brought in December 2007; transferred in early 2008 by the Judicial Panel on Multidistrict Litigation to the Middle District of Tennessee for coordinated or consolidated pretrial proceedings, *see* 28 U.S.C. § 1407 (2006); and recently remanded to the District of Minnesota. So far as the face of the Complaint reveals, the parties are not citizens of Minnesota, no act giving rise to this action occurred in Minnesota, and none of the alleged injuries for which Plaintiff seeks to recover were suffered in Minnesota.

    It appears, then, that this case was filed in Minnesota only to take advantage of Minnesota's relatively generous statutes of limitations. *See* Minn. Stat. § 541.05 (2012) (providing a six-year limitation period for negligence claims and a four-year limitation period for strict-liability claims); Minn. Stat. § 336.2-725 (2012) (providing a four-year limitation period for warranty claims); *see also Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004).

1

It appears that a transfer of this case will promote the interests of justice and the convenience of the parties. It also appears that the parties will not be prejudiced by a transfer. The case would remain in federal court and, assuming that the case was properly filed in Minnesota, the same choice-of-law rules would apply after the transfer. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (a transfer under 28 U.S.C. § 1404(a) does not change the law applicable in a diversity case). The main effect of a transfer would likely be to put the parties in a forum that has some connection to the underlying dispute and is more convenient for the parties. For all of these reasons, the Court orders the parties to brief the propriety of a transfer under 28 U.S.C. § 1404(a) (2006) (amended 2011).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT the parties shall, no later than January 22, 2014, file briefs of no more than 6,000 words addressing the following questions:

1. Should this action be transferred to another district pursuant to 28 U.S.C. § 1404(a)?

2. If the Court decides a transfer under 28 U.S.C. § 1404(a) is appropriate, to which district should this action be transferred?

Dated: January 14, 2014

> s/Joan N. Ericksen
> JOAN N. ERICKSEN
> United States District Judge