UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patricia S. Bowden,

    Plaintiff,

v.                                                                                          Civil No. 07-4752 (JNE/JSM)
                                                       ORDER

Novartis Pharmaceuticals Corporation,

    Defendant.

      Patricia Bowden brought this action against Novartis Pharmaceuticals Corporation (Novartis) in December 2007.  It was transferred in early 2008 by the Judicial Panel on Multidistrict Litigation to the Middle District of Tennessee for coordinated or consolidated pretrial proceedings, *see* 28 U.S.C. § 1407 (2006), and recently remanded to the District of Minnesota.  On January 14, 2014, the Court ordered the parties to file briefs that address whether the action should be transferred to another district under 28 U.S.C. § 1404(a) (2006) (amended 2011) and, if a transfer is appropriate, the district to which it should be transferred.

      Bowden responded that the action should be transferred to the Middle District of North Carolina under § 1404(a).  Novartis asserted that the Court should dismiss the action based on a lack of personal jurisdiction and improper venue:  "Because the [C]ourt lacks personal jurisdiction over Novartis, venue is improper, and accordingly, this case should be dismissed for lack of proper venue."  *See* 28 U.S.C. § 1406(a) (2006) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district

1

or division in which it could have been brought."). In the alternative, Novartis argued, the action should be transferred to the Middle District of North Carolina under § 1406(a). Finally, if the action is not transferred under § 1406(a), Novartis asserted that the action should be transferred to the Middle District of North Carolina under § 1404(a).

Novartis did not assert the defense of lack of personal jurisdiction in a motion under Rule 12(b) of the Federal Rules of Civil Procedure or in its answer. Consequently, it waived the defense, *see* Fed. R. Civ. P. 12(h)(1); *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990), and venue is proper in the District of Minnesota, *see Eagle's Flight of Am., Inc. v. Play N Trade Franchise, Inc.*, Civil No. 10-1208 (RHK/JSM), 2011 WL 31726, at *3 & n.2 (D. Minn. Jan. 5, 2011). The Court declines to dismiss the action or to transfer it under § 1406(a).

The Court turns to whether a transfer under § 1404(a) is appropriate. As the parties acknowledged, the Middle District of North Carolina is more convenient for them and likely witnesses, and a transfer to it serves the interest of justice. The Court concludes that a transfer to the Middle District of North Carolina is appropriate under § 1404(a). Therefore, IT IS ORDERED THAT:

1. This action is transferred to the United States District Court for the Middle District of North Carolina for further proceedings.

2. The Clerk of Court is directed to effect the transfer.

Dated: January 24, 2014

                                                     s/Joan N. Ericksen
                                                     JOAN N. ERICKSEN
                                                     United States District Judge